UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Indianapolis Division

| | | |
|---|---|---|
| STEVEN WILLIAMS, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | Case No. 1:25-cv-01380-JPH-TAB |
| | ) | |
| ABBY Nurse, MULLINS Nurse, ABRAHAM Doctor, | ) | |
| and HAMILTON COUNTY SHERIFF'S OFFICE, | ) | |
| | ) | |
| *Defendants*. | ) | |

**DEFENDANTS RONNI LANDES, RN, GAY MULLINS, LPN AND
ROY ABRAHAM, M.D.'S ANSWER, AFFIRMATIVE DEFENSES AND
JURY TRIAL DEMAND TO PLAINTIFF'S COMPLAINT**

Comes now Defendants, Ronni "Abby" Landes, RN, Gay Mullins, LPN and Roy Abraham, M.D. (collectively "Defendants"), by counsel, and for their Answer and Affirmative Defenses to Plaintiff Steven Williams's Complaint state as follows:

**ANSWER**

A.     Defendants admit the allegations contained in Section A of the Complaint.

B.     Section B of the Complaint is rhetorical in nature and requires no response. To the extent a response is deemed required, Defendants deny liability for the claims brought against them by Plaintiff and deny that Plaintiff is entitled to any relief on his claims. Defendants lack knowledge or information to form a belief as to the truth of the remaining allegations contained in Section B of the Complaint.

C.     JURISDICTION/VENUE

Defendants admit that this Court generally has jurisdiction over claims brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, 28 U.S.C. § 1343, 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

D.     RELIEF REQUESTED

Defendants deny liability for the claims brought against them by Plaintiff and deny that Plaintiff is entitled to any relief on his claims.

E.  III.    STATEMENT OF FACTS

1.    Defendants deny the allegations contained in Section E, Paragraph 1 of the Complaint.

2.    To the extent the information referenced in Paragraph Section E, Paragraph 2 is consistent with the Plaintiff's contemporaneous grievance records, Defendants admit that such information is consistent with the records. Defendants deny the remaining allegations contained in Section E, Paragraph 2 of the Complaint.

3.    To the extent the clinical information referenced in Section E, Paragraph 3 is consistent with the Plaintiff's contemporaneous medical records, Defendants admit that such information is consistent with the records. Defendants deny the remaining allegations contained in Section E, Paragraph 3 of the Complaint.

4.    To the extent the clinical information referenced in Section E, Paragraph 4 is consistent with the Plaintiff's contemporaneous medical records, Defendants admit that such information is consistent with the records. Defendants deny the remaining allegations contained in Section E, Paragraph 4 of the Complaint.

5.    Defendants deny the allegations contained in Section E, Paragraph 5 of the Complaint.

6.    Defendants lack knowledge or information to form a belief as to the truth of the allegations contained in Section E, Paragraph 6 of the Complaint as it pertains to other Defendants.

7.    Defendants deny the allegations contained in Section E, Paragraph 7 of the Complaint.

2

F.  IV.    Extent of Damages

Defendants deny the allegations contained in Section F of the Complaint.

G.  V.    LEGAL CLAIMS

Defendants deny the allegations contained in Section G of the Complaint.

VI.    PRESEVERATION REQUEST

Section VI of the Complaint is rhetorical in nature and requires no response. To the extent a response is deemed required, Defendants lack knowledge or information to form a belief as to the truth of the allegations contained in Section VI of the Complaint.

VII.    DISSEMINATE

Section VII of the Complaint is rhetorical in nature and requires no response. To the extent a response is deemed required, Defendants lack knowledge or information to form a belief as to the truth of the allegations contained in Section VII of the Complaint.

WHEREFORE, Defendants, Ronni "Abby" Landes, RN, Gay Mullins, LPN and Roy Abraham, M.D., pray that Plaintiff take nothing by way of his Complaint, for costs of this action, and for all other just and proper relief.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants, Ronni "Abby" Landes, RN, Gay Mullins, LPN and Roy Abraham, M.D., by counsel, for their Affirmative Defenses to Plaintiff's Complaint, state the following:

1.    Plaintiff has failed to state a claim upon which relief can be granted.

2.    Plaintiff's alleged injuries, if any, were caused in whole or in part, by the Plaintiff's own fault and contributory negligence.

3.    All of Defendants' actions and inactions with respect to the Plaintiff were reasonably justified and for good cause, taken in good faith, and without malice, ill will, reckless indifference,

or deliberate indifference and with reasonable grounds to believe that they were not in violation of any state or federal law or constitutional right.

4.      Defendants acted – or failed to act – with the explicit and/or implied consent of the Plaintiff.

5.      Plaintiff's action is frivolous, vexatious, and brought in bad faith entitling Defendants to recover costs and reasonable attorney fees including expert witness fees and expenses in defense of this action.

6.      Plaintiff's damages, if any, are subject to set-offs and/or limitations by any payments Plaintiff received from collateral sources.

7.      To the extent Plaintiff asserts a claim for personal injuries requiring medical treatment, Defendants are entitled to introduce evidence of discounted value of medical expenses.

8.      The Plaintiff failed to mitigate his damages.

9.      Defendants acted reasonably and exercised reasonable care.

10.     The occurrence and resulting losses as alleged by Plaintiff were proximately caused or contributed to by the negligence, acts or omissions, of persons or entities other than Defendants who are not presently named as parties to this lawsuit. Defendants specifically reserve the right to amend and supplement this defense to identify any non-parties as discovery and investigation proceed.

11.     The loss and damages of which Plaintiff complains were proximately caused by independent and/or intervening causes and not by any negligence, action, or inaction on the part of Defendants.

12.     The Plaintiff incurred and/or assumed the risk of his alleged injuries and damages.

13.     The Plaintiff's alleged injuries and damages are related to physical and/or mental conditions that pre-existed or arose subsequent to the incidents which are the subject of the Complaint, and which are unrelated to Defendants' alleged conduct.

14.     All or a portion of the damages including punitive damages as alleged are unrecoverable on the facts and circumstances of this case.

15.     To the extent Defendants are qualified health care providers under the Indiana Medical Malpractice Act with respect to the claims alleged, they are entitled to all rights, privileges, limitations, caps on damage awards, defenses, and immunities provided therein.

16.     Plaintiff did not suffer from an objectively serious medical condition.

17.     Plaintiff suffered no harm because of any action or inaction on the part of Defendants.

18.     The conduct of Defendants was not objectively unreasonable, extreme, outrageous or with deliberate indifference.

19.     The conduct of Defendants did not constitute unnecessary or wanton infliction of pain to the Plaintiff.

20.     To the extent that any material allegation against the Defendants contained in the Plaintiff's Complaint is deemed to have been not properly responded to, the same is hereby denied.

21.     Defendants reserve the right to assert additional defenses as Plaintiff's claims are clarified during this litigation, and such defenses become known through investigation and discovery.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

DREWRY SIMMONS VORNEHM, LLP

*/s/ Melanie A. Kalmbach*
Sean T. Devenney, #21440-53
Melanie A. Kalmbach, #34800-49
DREWRY SIMMONS VORNEHM, LLP
736 Hanover Place, Ste 200
Carmel, IN 46032
(317) 580-4848 - Telephone
(317) 580-4855 - Facsimile
sdevenney@dsvlaw.com
mkalmbach@dsvlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 26, 2025, a true and complete copy of the foregoing document was filed electronically via the Court's ECF system and I further certify that on November 26, 2025, the foregoing document was mailed, by United States Postal Service, first class postage prepaid, to the following non-CM/ECF Plaintiff:

Steven J. Williams (#42338)
HAMILTON COUNTY JAIL
18102 Cumberland Road
Noblesville, IN 46060
*Pro Se Plaintiff*

Adam S. Willfond
Andrew J. Upchurch
HAMILTON COUNTY LEGAL DEPARTMENT
1 Hamilton County Square, Suite 306
Noblesville, IN 46060
Adam.willfond@hamiltoncounty.in.gov
Andrew.upchurch@hamiltoncounty.in.gov
*Counsel for Hamilton County Sheriff's Office*


*/s/ Melanie A. Kalmbach*
Melanie A. Kalmbach


Sean T. Devenney, #21440-53
Melanie A. Kalmbach, #34800-49
**DREWRY SIMMONS VORNEHM, LLP**
736 Hanover Place, Suite 200
Carmel, IN 46032
(317) 580-4848 - Telephone
(317) 580-4855 - Facsimile
sdevenney@dsvlaw.com
mkalmbach@dsvlaw.com