UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN WILLIAMS, | ) |
|             Plaintiff, | ) |
| v. | ) No. 1:25-cv-01380-JPH-TAB |
| ABBY, et al., | ) |
|             Defendants. | ) |

**ENTRY DIRECTING DEVELOPMENT OF EXHAUSTION DEFENSE
AND ISSUING PARTIAL STAY**

The defendants have asserted the affirmative defense that the plaintiff failed to exhaust his administrative remedies before filing this lawsuit as required by the Prison Litigation Reform Act. Recently, the Supreme Court partially overruled *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) in *Perttu v. Richards*, 605 U.S. 460 (2025). Specifically, "parties are entitled to a jury trial on PLRA exhaustion when that issue is intertwined with the merits of a claim protected by the Seventh Amendment." 2025 WL 1698783 at *10.

In light of this ruling, and to improve the efficient resolution of this affirmative defense, the Court modifies its previous exhaustion scheduling order. **The parties shall review this Entry carefully.**

This action shall proceed in accordance with the following schedule:

❖ **Deadline for Exhaustion Discovery: January 16, 2026**

The parties must complete written discovery and discovery depositions regarding the exhaustion defense as permitted by Rules 26 through 37 and 45 of the Federal Rules of Civil Procedure before any dispositive motions are filed. Discovery requests must be served 30 days before the deadline to allow time for a response. No exhaustion-related discovery shall be

permitted after a ruling on a motion for summary judgment absent good cause. The parties shall exchange the following initial disclosures within **14 days** of this Entry:

- The defendants shall provide the plaintiff with all copies of grievances, appeals, and similar documents related to the plaintiff's allegations, including the responses to those documents.

- The plaintiff shall provide the defendants with all copies of grievances, appeals, and similar documents related to the plaintiff's allegations, including the responses to those documents.

The Court **grants** the defendants leave to depose the plaintiff under Federal Rule of Civil Procedure 30(a)(2)(B) as it relates to the exhaustion defense. This does not preclude the defendants from using other written discovery tools, such as interrogatories, to learn about the plaintiff's efforts to exhaust the issues related to his allegations.

**Upon conclusion of discovery, the defendants shall choose from the next three options:**

- ❖ **Option 1: Withdrawal of the Exhaustion Defense: February 2, 2026**

    If the defendants conclude that the plaintiff exhausted available administrative remedies or that remedies were unavailable, they shall file a notice of withdrawal of the exhaustion defense no later than 60 days from the date of this Order. The defendants are encouraged to file the notice earlier than the 60-day deadline where appropriate.

- ❖ **Option 2: Notice Requesting a *Pavey* Hearing or Preservation of the Exhaustion Defense at Trial: February 2, 2026**

    - *Pavey* Track: If there **is a genuine issue as to any material fact, and those factual issues <u>are not intertwined with the merits</u>**

**of this case,** the defendants must file a notice with the Court specifically identifying the fact issues that preclude resolution of this affirmative defense via a dispositive motion and requesting a *Pavey* hearing; or

- *Perttu* Track: If there **is a genuine issue as to any material fact, and those factual issues are intertwined with the merits of this case,** the defendants must file a notice with the Court specifically identifying the fact issues that preclude resolution of this affirmative defense via a dispositive motion, and requesting a jury trial on those issues pursuant to *Perttu*. *See Perttu*, 605 U.S. at 466-67 (parties agreed exhaustion and merits were intertwined where prisoner alleged he suffered from sexual abuse by defendant, but when he tried to file grievance forms about the abuse, defendant destroyed the grievances and threatened to kill him if he filed more). If the exhaustion defense requires a jury determination, this case will otherwise proceed on the merits, and the Court will issue a separate scheduling order. The defendants will preserve the exhaustion defense as to those claims if they proceed to trial, and the exhaustion defense will be determined by a jury along with the merits of the plaintiff's claims.

- If the defendants conclude that some of the issues raised in the plaintiff's complaint may be resolved via a *Pavey* track while

- others may be resolved via the *Perttu* track, they shall file a notice explaining the factual and legal basis for pursuing both tracks.

- If the plaintiff disagrees about whether any issue should be resolved via the *Pavey* track or *Perttu* track, he shall have **fourteen days** to file a response.

❖ **Option 3: Motion for Summary Judgment: February 2, 2026**

If the defendants believe that there **is <u>no</u> genuine issue as to any material fact** and that they are entitled to judgment as a matter of law as it relates to the exhaustion defense, the defendants must file a motion for summary judgment under Federal Rule of Civil Procedure 56 and Local Rule 56-1 (including the Notice required by Local Rule 56-1(k)).

- If a dispositive motion is filed regarding the exhaustion defense, the plaintiff shall have **twenty-eight (28) days** in which to respond. The plaintiff's response must be supported by admissible evidence, which may include an affidavit in which the plaintiff describes any attempt to exhaust administrative remedies or explains why those remedies were unavailable. Any affidavit must be signed and dated and include a certification with language such as: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct." *See* 28 U.S.C. § 1746.

- The defendants shall then have **fourteen (14) days** in which to reply. Furthermore, if a dispositive motion is filed, it is the defendants' burden to prove both that the administrative remedy process was

available to the plaintiff and that he failed to utilize it. *See Thomas v. Reese*, 787 F.3d 845, 848 (7th Cir. 2015); *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006). Thus, if the plaintiff responds with evidence that the administrative remedy process was unavailable, the defendants must consider whether the motion for summary judgment should be withdrawn. If so, the defendants shall file a notice that specifies whether (1) the exhaustion defense is being withdrawn; or (2) the exhaustion defense should be resolved via the *Pavey* Track or *Perttu* Track. Alternatively, the reply must directly confront the plaintiff's evidence regarding availability and explain why summary judgment is warranted despite that evidence.

In summary, the defendants have through **February 2, 2026** to choose from one of the above options. Except for activities associated with the development and resolution of the affirmative defense that the plaintiff failed to exhaust his administrative remedies prior to filing this action, or any other matter directed by the Court, any other activities or deadlines in the action are **stayed.**

SO ORDERED.

Date: 12/1/2025

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all counsel of record via CM/ECF
and to the following via U.S. Mail:

STEVEN WILLIAMS
42338
HAMILTON COUNTY JAIL
18102 Cumberland Rd.
Noblesville, IN 46060